ORIGINAL

FILED

04/19/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0135

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0135

JOHN and HEATHER STENSON, individually
and on behalf of minor child, R.L.S.,

Petitioners,

v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, HON. RAY J. DAYTON, Presiding

Respondent.

ORDER

FILED

APR 19 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Through counsel, Petitioners John and Heather Stenson, individually and on behalf of minor child R.L.S., seek a writ of supervisory control over the Second Judicial District Court, Butte-Silver Bow County, and Honorable Ray J. Dayton, to direct the District Court to enter a protective order to prevent the deposition of R.L.S. in the underlying Cause No. DV 20-252.

Stensons are the parents of 17-year-old R.L.S., who was a student at Butte Central Catholic High School. One of his teachers, Brad Kadrmas, lived with his wife Amy and their son D.K. in an apartment in the school building. Stensons allege that the Kadrmases invited R.L.S. to the apartment multiple times, where Amy provided him alcohol, cigarettes, and marijuana. Stensons filed a negligence action against the Kadrmases and Butte Central Catholic High School, Butte Central Schools, Roman Catholic Diocese of Helena, and Roman Catholic Bishop of Helena (collectively "Religious Entities"). They claim that R.L.S. suffered severe emotional distress arising from Amy's alleged conduct and that after public exposure of the activity he was branded a "narc", leading to ostracism, isolation and additional mental health and substance abuse issues.

The Religious Entities noticed the deposition of R.L.S., and Stensons sought a protective order to preclude it. After considering the parties' arguments, the District Court

denied Stensons' request, concluding that they had not met their burden to show that "good cause exists to prevent the harm or prejudice that will result from taking the deposition of R.L.S." Stensons now seek this Court's intervention, arguing that the District Court ignored the physical risks identified by Dr. Roy Lubit, who conducted a forensic psychiatric evaluation of R.L.S. and whose opinions they allege were uncontroverted. At our invitation, the Religious Entities have responded and urge the Court to deny supervisory control. Amy Kadrmas also has filed a response adopting and joining in the arguments the Religious Entities advance.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and, applicable to the Stensons' arguments, when the other court is proceeding under a mistake of law and is causing a gross injustice. M. R. App. P. 14(3). In that regard, supervisory control is appropriate when the district court is proceeding based on a mistake of law which, if uncorrected, would cause significant injustice for which an appeal is an inadequate remedy. *Truman v. Mont. Eleventh Judicial Dist. Court*, 2003 MT 91, ¶ 13, 315 Mont. 165, 68 P.3d 654 (citing *Park v. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267). Whether to assume supervisory control is a "case-by-case decision that depends on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring." *Truman*, ¶ 13 (citing *Park*, ¶ 13). Pretrial discovery disputes typically are not appropriate for exercise of supervisory control. *USAA Cas. Inc. Co. v Eighth Judicial Dist. Court*, No. OP 19-0139, 396 Mont. 547, 449 P.3d 793 (Apr. 23, 2019).

Stensons acknowledge our strict standards for discretionary intervention but argue that extraordinary circumstances exist here that render an appeal inadequate to remedy the District Court's alleged error. They claim that R.L.S. already has provided extensive information through two forensic interviews with law enforcement, that there is no new information to be gained, and that the Religious Entities' "purported need to 'assess the psychological damages. . . claimed in this case' can and will be done" when R.L.S. meets

with Dr. Michael Bütz for an Independent Medical Examination on June 10, 2022. Stensons maintain that the District Court abused its discretion in denying a protective order because it provided no analysis and made no findings of fact in the face of the uncontroverted affidavit from Dr. Lubit. They conclude that this Court's exercise of supervisory control is necessary to "prevent additional emotional and psychological harm to a juvenile."

Religious Entities respond that the facts the Stensons allege are highly contested and depend on the testimony of R.L.S., whose truthfulness they dispute. Without R.L.S.'s testimony at trial, they argue, Stensons have no admissible evidence of their claims that the Kadrmases provided him with any illicit substances or that Religious Entities breached any duties. They contend that R.L.S. also is the sole source of key information related to causation and damages and that Stensons did not put forth any credible evidence that R.L.S. will suffer harm if the deposition proceeds. Religious Entities maintain that they should be afforded the opportunity to question R.L.S. under oath about his allegations before trial. They dispute Stensons' characterizations of Dr. Lubitz's report and conclude that the District Court's ruling is not based purely on a question of law appropriate for supervisory control. Religious Entities argue that the trial court did not in any event abuse its discretion in refusing the protective order Stensons requested.

Noting a trial court's "inherent power to control discovery by denying a motion for protective order and allowing a deposition to proceed," we recently declined to exercise supervisory control over a district court's refusal to stop the deposition of a party who claimed it would cause him severe anxiety that could lead to his suicide. *Henderson v. Third Jud. District Court*, No. OP 22-0069 (Feb. 15, 2022). We observed that the trial court's decision was based on the evidentiary record before it and drew conclusions from its consideration of that evidence in ruling to deny the motion for protective order. In the same vein, the District Court here had evidence that R.L.S. had told his counselor, Mr. Valentino, that R.L.S. was willing to speak to the lawyers and would testify so long as the people involved were not present. Both parties presented the trial court, and again this Court, with substantial background and documentation to support their positions. The materials we have

3

reviewed in conjunction with Stensons' petition convince us, as in *Henderson*, that the petition for writ does not raise an issue that is purely one of law but involves a matter of discretion based on determination of facts. It therefore fails to satisfy the standards for supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide notice of this Order to all counsel of record in the Second Judicial District Court's Butte-Silver Bow County Cause No. DV 20-252 and to the Honorable Ray J. Dayton, presiding District Court Judge.

DATED this 19 day of April, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices